*282 OPINION.
Murdock :
The petitioners’ principal contention is that most of the so-called sales made by the partnership and the corporation were not in fact sales but were merely contracts for sales so that the payments received prior to the delivery of a deed did not belong to the seller and were not income until a deed was delivered. Tax returns for the years in controversy were filed on the basis of installment sales; the Commissioner has approved and used this method in determining the deficiencies; the deficiencies apparently resulted from adjustments of other kinds not contested; in the original petitions for 1928 and 1924 the petitioners insisted that the installment method be used; and not until the hearing was there any change in those pleadings.
Counsel for the petitioners now urges that this method be abandoned and less tax computed on some other basis never before applied by either party. Unless the installment method is faulty, we do not think its use should be abandoned under the circumstances of these cases. Cf. J. B. Bradford Piano Co., 15 B. T. A. 1045; Calvin T. Graves, 17 B. T. A. 1318; Gilbert W. Lee, 6 B. T. A. 135, affd., 41 Fed. (2d) 1004; James C. Ellis et al., 16 B. T. A. 1225; Morrow, Becker & Ewing Co., 21 B. T. A. 1013. Having heard nothing to the contrary, we must assume that the installment method is in accordance with the method used in keeping the books and clearly reflects income and, in all cases where the initial pajunents did not exceed one-fourth of the purchase price, the Commissioner has allowed the income to be reported on the installment basis. If there were any transactions on the “ bond for deed ” contract where the installment sales method of reporting would not apply because more than one-fourth of the purchase price was paid as an initial payment, the petitioners’ contention might have some merit. But we do not know that there were any such transactions or, if there were, how the Commissioner has treated them and, in any event, the petitioners make no complaint about the treatment of transactions of that kind and offer no alternative method of treating them in case we hold that the installment basis was a proper way of reporting income from *283 the transactions in which the initial payments did not exceed one-fourth of the purchase price. In other words, if, as to transactions of the latter class, there is any income which can be reported on the installment basis, then the petitioners’ first contention fails and they agree to abide by the determination of the Commissioner.
We do not agree with the petitioners in their contention that title must pass by the delivery of a deed before any income can arise for tax purposes and, therefore, any method of reporting as income any part of the payments before title passes is unsound and improper. If correct, it would almost completely emasculate the retroactive provisions of section 212(d) of the Revenue Act of 1926 relating to a sale or other disposition of real property. Those provisions do not require that title pass when the initial payments are made. In most installment sales, title does not pass with the initial payments. Cf. Calvin T. Graves, supra; J. T. Pittard, 5 B. T. A. 929; Pacific Coast Redwood Co., 5 B. T. A. 423. Of course, title must pass eventually in order to have a sale or other disposition, but there is nothing to indicate that title did not pass eventually in the transactions on which the taxes in these cases were computed. If a sale falls through after some income has been reported, some adjustment becomes necessary and would no doubt be permitted by the Commissioner. Cf. Blum’s, Inc., 7 B. T. A. 737. But that question is not before us. The installment basis of reporting the income from such transactions permits that income to be reported as it is received, regardless of whether title has or has not passed at that particular time. Under that method notes of the purchaser are not included in income. The first two contentions of the petitioners suggest no reason for disturbing the determinations of the Commissioner. Cf. Pacheco Creek Orchard Co., 12 B. T. A. 1358; Morrow, Becker & Ewing Co., supra.
In prior decisions we have indicated that we are slow in substituting our judgment for that of a board of directors on the question of the reasonableness of officers’ salaries. But, here, the officers and the board were in effect one; the salaries were more than double the amount these men ever received for their services before or since, so far as the record shows; the Commissioner determined that the amounts deducted were unreasonable; and the evidence does not require its review here or indicate that the Commissioner erred.
If the expenditures of the trip to Europe had been proven, it is possible that some part, at least, would appear to be a deductible expense. We do not know how much was spent by the corporation or for what particular purpose any amount was spent. Certainly, if all of the expenses of the entire party were paid by the corporation, the larger portion was not an ordinary and necessary expense of carrying on the business of the corporation. The connection of the cost of operating the yacht Lurline with the European trip does not *284 appear. The corporation had a yacht, but this trip was made on the Be,rengaría. We are not in position to order any modification of the Commissioner’s determination in this connection.

Judgment will be entered for the respondent.